1                                                                        SVK

2    **WO**

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Norman Lee Stackhouse,              )    No. CV 05-0028-PHX-DGC(MEA)
                                         )
10            Plaintiff,                 )    **ORDER**
                                         )
11   vs.                                 )
                                         )
12                                       )
     Maricopa County, et al.,            )
13                                       )
              Defendants.                )
14                                       )
                                         )
15   _____ )

16          Plaintiff Norman Lee Stackhouse, confined in the Arizona State Prison Complex-

17   Lewis, has filed a Motion for Relief from Judgment and Motion for Leave to File an

18   Amended Complaint regarding a *pro se* civil rights Complaint filed pursuant to 42 U.S.C. §

19   1983.  The Court will grant the Motions.

20          The Court will vacate its Order of August 15, 2005 only to the extent that it dismisses

21   the Complaint without leave to amend and dismisses the action.  The Court will vacate the

22   Judgment entered August 15, 2005 dismissing the Complaint and Action and direct the Clerk

23   to reopen the case.  The Court will direct the Clerk to file the Amended Complaint.

24          The Court will order Defendants Maricopa County and Joseph Arpaio to answer the

25   Amended Complaint. The Court will not dismiss Defendant John Doe, but will not order

26   service on Defendant Doe at this time.

27

28

1    **I.  Procedural Background**

2          On January 4, 2005 Plaintiff filed a *pro se* civil rights Complaint pursuant to 42

3    U.S.C. § 1983 alleging that Defendants Maricopa County Sheriff's Office and Joseph Arpaio

4    had lost Plaintiff's property while he was in custody in the Maricopa County Jail.   On

5    August 15, 2005, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* and

6    dismissed the Complaint for failure to state a claim.  Doc. # 6.  The Complaint did not state

7    a claim because it named improper Defendants and because negligent conduct of prison

8    officials that causes the loss of property does not constitute a violation of the Due Process

9    Clause.  Id.  The dismissal was without leave to amend because it appeared that amendment

10   could not cure the deficiencies in the Complaint.  Id. On August 15, 2005, a Judgment was

11   entered dismissing the Complaint and the action.  Doc. # 8.

12         On December 12, 2005, Plaintiff filed a Motion for Relief from Judgment pursuant

13   to Rule 60 (b) (6) of the Federal Rules of Civil Procedure and a Motion for Leave to File an

14   Amended Complaint.  Doc. # 10.  In his Motion for Relief From Judgment, Plaintiff asserts

15   that the heart of his claim is that while he was in Defendants' custody, Defendants "took

16   from him, or caused to be taken from him" his property.  In his Motion for Relief, Plaintiff

17   alleges that he does not know whether his property was lost or stolen.  Plaintiff claims that

18   he has no post-deprivation remedy available to him because (1) two grievances that he filed

19   in jail were "stonewalled," and (2) he is precluded by Arizona law from bringing a tort claim

20   against Defendants.  Specifically, he refers to A.R.S. § 31-201.01(L).

21         The allegations in the proposed Amended Complaint, lodged as Doc. # 9, state that

22   the property loss was pursuant to a custom, practice, or usage whereby Defendant Arpaio

23   permitted his employees to plunder the personal belongings of prisoners and pre-trial

24   detainees and that Defendant encouraged his supervisory personnel to protect their

25   subordinates by concealing the identities of those who stole, destroyed, or lost  property.

26   **II.   Reconsideration and Statutory Screening of Prisoner Complaints**

27         A motion for reconsideration must demonstrate some valid reason why the Court

28   should reconsider its prior decision and must set forth facts or law of a strongly convincing

nature to induce the Court to reverse its prior decision.  Courts have identified three major grounds justifying reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice.  School Dist. No. 1J Multnomah County, Or. v. AcandS, Inc., 139 F.R.D. 167 (D.Or. 1991).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  "[P]ro se pleadings are liberally construed, particularly where civil rights claims are involved."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Here, Plaintiff has alleged new facts in the proposed Amended Complaint.  After reviewing the pleadings and record and screening the proposed Amended Complaint, the Court determines that Plaintiff has stated a claim under §1983 and that he should be permitted an opportunity to proceed.

**III. Amended Complaint**

Plaintiff names the following Defendants: (1) Maricopa County, (2) Joseph Arpaio, Sheriff, and (3) John Doe.  Plaintiff alleges a single ground for relief: the loss of his property when Defendant John Doe removed all of Plaintiff's belongings from his cell, Defendants did not return the belongings, and Defendants did not respond to grievances. Plaintiff alleges that this conduct was pursuant to a custom, practice, or usage whereby Defendant Arpaio permitted his employees to plunder the personal belongings of prisoners and pre-trial detainees and that he encouraged his supervisory personnel to protect their subordinates by concealing the identities of those who stole, destroyed, or lost  property.

For relief, Plaintiff requests damages and attorneys fees.

- 3 -

1    An allegation of an intentional deprivation of property by government officials

2  pursuant to custom and tradition sufficiently alleges a claim that employees acted

3  intentionally pursuant to established government procedures.  See Tripati v. State, 199 Ariz.

4  222, 226-27, 16 P.3d 783, 787-88 (App.1Div. 2001).  Post-deprivation remedies do not

5  satisfy due process if the deprivation is caused by established government procedures.  See

6  Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982).  Thus, the allegations in the

7  Amended Complaint state a claim against Defendants.

8    The Court will not order service at this time on Defendant John Doe because, as a

9  practical matter, it is in most instances impossible for the United States Marshal to serve a

10  summons and complaint on an unidentified defendant. If Plaintiff is able to determine the

11  identity of this Defendant, he should amend his Complaint to name him. Pursuant to Rule 15

12  of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a

13  matter of course at any time before a responsive pleading is served. Otherwise a party may

14  amend the party's pleading only by leave of court or by written consent of the adverse party.

15  **IV. Warnings**

16    **A. Release**

17    Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

18  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

19  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

20  in dismissal.

21    **B. Address Changes**

22    Plaintiff must file and serve a notice of a change of address 10 days before the move

23  is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other

24  relief with a notice of change of address.  Failure to comply may result in dismissal.

25    **C. Copies**

26    Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

27  of every document that he files. Fed. R. Civ. P. 5(a).  Each filing must be accompanied by

28  a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Plaintiff

must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  The Court may strike any filing that fails to comply with these requirements.

**D.  Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion for Relief from Judgment and Motion for Leave to File an Amended Complaint (Doc. #10) are **granted**.

(2) The Court's Order of August 15, 2005 (Doc. # 6) is **vacated** only to the extent that it dismisses the Complaint without leave to amend and dismisses the action.

(3) The Judgment entered August 15, 2005 dismissing the Complaint and action (Doc. # 8) is **vacated** and the Clerk of Court must **reopen** the case.

(4) The Clerk of Court must file the Amended Complaint (now lodged as Doc. # 9).

(5) Defendants Maricopa County and Joseph Arpaio must answer the Amended Complaint.

(6) The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (now lodged as Doc.# 9), this Order, and both summons and request for waiver forms for Defendants Maricopa County and Arpaio.

(7)  Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

1   (9)  The United States Marshal must retain the Summons, a copy of the Amended

2   Complaint (now lodged as Doc. # 9), and a copy of this Order for future use.

3   (10) The United States Marshal must notify Defendants Maricopa County and Arpaio

4   of the commencement of this action and request waiver of service of the summons pursuant

5   to Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of

6   Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to

7   Defendants must include a copy of this Order. The Marshal must immediately file requests

8   for waivers that were returned as undeliverable and waivers of service of the summons. If a

9   waiver of service of summons is not returned by a Defendant within 30 days from the date

10  the request for waiver was sent by the Marshal, the Marshal must:

11      (a) Personally serve copies of the Summons, Amended Complaint, and this Order

12      upon  Defendant pursuant to  Rule 4(e)(2) and Rule 4(j)(2) of the Federal Rules of

13      Civil Procedure;

14      (b) Within 10 days after personal service is effected, file the return of service for

15      Defendant, along with evidence of the attempt to secure a waiver of service of the

16      summons and of the costs subsequently incurred in effecting service upon Defendant.

17      The costs of service must be enumerated on the return of service form (USM-285) and

18      must include the costs incurred by the Marshal for photocopying additional copies of

19      the Summons, Amended Complaint, or this Order and for preparing new process

20      receipt and return forms (USM-285), if required. Costs of service will be taxed against

21      the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules

22      of Civil Procedure, unless otherwise ordered by the Court.

23  (11)  **A Defendant who agrees to waive service of the Summons and Amended**

24  **Complaint must return the signed waiver forms to the United States Marshal, not the**

25  **Plaintiff.**

26  (12)  Defendants must answer the Amended Complaint or otherwise respond by

27  appropriate motion within the time provided by the applicable provisions of Rule 12(a) of

28  the Federal Rules of Civil Procedure.

1    (13) Any answer or responsive pleading must state the specific Defendant by name

2    on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other

3    motion or paper that does not identify the specific Defendant by name on whose behalf it is

4    filed.

5    (14)  This matter is referred to Magistrate Mark E. Aspey pursuant to Rules 72.1 and

6    72.2 of the Local Rules of Civil Procedure for further proceedings.

7    DATED this 19th day of July, 2006.

David G. Campbell
United States District Judge