JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Norman Lee Stackhouse, | No. CV 05-0028-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

In this civil rights action brought by a former county jail inmate, Plaintiff sued Maricopa County and its sheriff, Joseph Arpaio (Am. Compl., Doc. #13). Pending before the Court is Defendant Maricopa County's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #17). Plaintiff responded, and Defendant replied (Doc. ##19, 20). The Court will deny the motion.

**I. Background**

The Court dismissed without leave to amend Plaintiff's original Complaint for failure to state a claim (Doc. #6). Plaintiff then filed a Motion for Relief from Judgment pursuant to Rule 60(b)(6) and a Motion for Leave to File an Amended Complaint (Doc. #10). The Court granted the motions and screened the Amended Complaint (Doc. #12).

Plaintiff alleged that after a jail officer removed all of Plaintiff's belongings from his cell, Defendants did not return his property or respond to his grievances (Doc. #13). Plaintiff asserted that this conduct was pursuant to a custom, practice, or usage whereby Defendant Arpaio permitted his employees to plunder the personal belongings of inmates and that he encouraged his supervisory personnel to protect their subordinates by concealing the

identities of those who stole, destroyed, or lost property (Id.). The Court ordered Defendants Maricopa County and Sheriff Joseph Arpaio to answer[1] (Doc. #12). Defendant Arpaio filed an answer, and the county submitted the pending Motion to Dismiss (Doc. ##20, 17).

In its motion, Defendant Maricopa County contended that the Maricopa County Board of Supervisors is not liable under 42 U.S.C. § 1983 because it lacks authority to establish an official policy with regard to the operation of the jails (Doc. #17). Defendant claimed that the Board cannot be responsible under a theory of *respondeat superior* (Id. at 2). Defendant further argued that because the sheriff derives his duties from Arizona statutes and not from the county, Maricopa County has no power to control the implementation or exercise of the sheriff's duties (Id. at 3).

The Court issued an order informing Plaintiff of his obligation to respond to Defendant Maricopa County's contentions (Doc. #18). Plaintiff responded and asserted that the Maricopa County Board of Supervisors operates and runs the jails and has authority over the sheriff and his deputies (Doc. #19). Plaintiff requested a copy of the Amended Judgement in Hart v. Hill, No. CIV 77-0479-PHX-EHC (MS) (D. Ariz.), and copies of the rules, regulations, and procedures for the jails (Id.). He argued that these documents will show that the Board is liable for the policies at the jail (Doc. #19).

In its reply, Defendant Maricopa County maintained that under Arizona statutes the sheriff does not answer to the Board of Supervisors, and argued that the Hart v. Hill judgment is not applicable (Doc. #20).

**II. Analysis**

A motion to dismiss under Rule 12(b)(6) is rarely an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendants to respond. The standard for dismissal under Rule 12(b)(6) ("failure to state a claim upon which relief can be granted") is virtually identical to the standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be granted"). After

---

[1]Plaintiff also named jail officer John Doe as a third Defendant, however, the Court did not order service on John Doe (Doc. #12).

1  the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion
2  to dismiss will be granted only if the defendant can convince the Court that reconsideration
3  is appropriate. Nothing in Defendant Maricopa County's Motion to Dismiss causes the Court
4  to reconsider its prior determination that the Complaint stated a claim against the county
5  upon which relief can be granted.

6        Moreover, Defendant's arguments are unpersuasive and do not conform to the facts
7  in this case. First, contrary to Defendant's contention, the Maricopa County Board of
8  Supervisors is an entity that can be sued (See Doc. #17 at 2). Arizona Revised Statutes
9  § 11-201 provides in relevant part:

> A. The powers of a county shall be exercised only by the board of supervisors or by agents and officers acting under its authority and authority of law. It has the power to:
>
> 1. Sue and be sued.
> . . . .

14  Ariz. Rev. Stat. § 11-201(A)(1). Second, Plaintiff did not name the Maricopa County Board
15  of Supervisors as a Defendant; he only named Sheriff Arpaio and Maricopa County
16  (Doc. #13 at 2). Third, Maricopa County can be liable in a § 1983 case. The sheriff acts as
17  the chief policy maker for the jail facilities. Flanders v. Maricopa County, 54 P.3d 837, 847
18  (Ariz.Ct.App. 2002); see Cortez v. County of Los Angeles, 294 F.3d 1186, 1198-91 (9th Cir.
19  2002). Under the Arizona Constitution, a sheriff is a county officer. Ariz. Const. art. XII,
20  §§ 3 and 4. Arizona statute directs the sheriff to "[t]ake charge of and keep the county jail."
21  Ariz. Rev. Stat. § 11-441(A)(5). The county is therefore responsible for the sheriff's jail
22  policies. Flanders, 54 P.3d at 847. "There may be no 'clearer case of county liability' than
23  for the policies of a sheriff charged by law with responsibility for a county's jails." Id.
24  (quoting Blackburn v. Snow, 771 F.2d 556, 571 (1st Cir. 1985)).

25        In addition, a suit against an individual in his official capacity is equivalent to a suit
26  brought against the governmental entity – in this case, Maricopa County. See Will v.
27  Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Plaintiff has sued Joseph Arpaio
28  in his individual and official capacities (Doc. #13 at 2). Plaintiff alleges a violation by

1 government officials acting pursuant to established government procedures (Id. at 4). As the
2 Court determined in its previous order, this allegation sufficiently states a claim against
3 Sheriff Arpaio and Maricopa County (See Order, Doc. #12). Accordingly, Defendant's
4 motion will be denied.

5 **IT IS ORDERED** that Defendant Maricopa County's Motion to Dismiss (Doc. #17)
6 is **denied**.

7 DATED this 13th day of November, 2006.

_____
David G. Campbell
United States District Judge